FILED*11 MAR 7 12:16USDC-ORM

Kelly L. Andersen, OSB #791464
KELLY L. ANDERSEN, P.C.
1730 East McAndrews, Suite A
Medford, Oregon 97504
Telephone: 541-773-7000
Facsimile: 541-608-0535
kelly@andersenlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| JAMES CLARE, JR. and KATHY CLARE, husband and wife<br><br>Plaintiffs,<br><br>v.<br><br>TIMBER PRODUCTS CO. LIMITED PARTNERSHIP, an Oregon Corporation, doing business as "Timber Products Company;" and TP TRUCKING, LLC, an Oregon Corporation<br><br>Defendants. | Case No.   11 - 30024 - CL<br><br>COMPLAINT FOR BODILY INJURIES<br><br>(Jury Trial Demanded) |
|---|---|

Plaintiffs allege:

**FIRST CLAIM FOR RELIEF**
**(James Clare, Jr.)**

Plaintiffs James and Kathy Clare, husband and wife, are residents of Arkansas. Defendants are Oregon corporations. The amount in controversy exceeds $75,000. Federal jurisdiction is thus established under diversity of citizenship, 28 U.S.C. 1332. Plaintiffs request a trial by jury.

///

Page    1 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com



2.

At all times material defendant "Timber Products Co. Limited Partnership" (hereinafter "Timber Products") has been an Oregon corporation doing business under its full corporate name and also under the assumed business name of "Timber Products Company."

3.

At all time material defendant "TP Trucking, LLC" (hereinafter "TP Trucking") has been an Oregon corporation.

4.

At all times material plaintiffs James and Kathy Clare were employees of Diamond C. Trucking, Inc. (hereinafter Diamond), a corporation organized and existing under the laws of Arkansas.

5.

At all times material TP Trucking had a contractual arrangement with Diamond, signed by the Clares on behalf of Diamond.

6.

At all times material it is believed that TP Trucking also had a contractual arrangement with Timber Products, the specifics of which are not yet fully known to plaintiffs.

7.

The general arrangement between Timber Products, TP Trucking, Diamond, and the Clares was that the Clares were employees of Diamond, Diamond hauled freight for TP Trucking, and TP Trucking was the shipping agent for Timber Products.

/ / /

/ / /

/ / /

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com

8.

On May 20, 2010, under the direction of defendants Timber Products and TP Trucking, plaintiff James Clare,. as an employee of Diamond, drove a semi tractor/trailer into the lumbar yard of Timber Products on Sage Road in Medford, Oregon to pick up a load of high quality veneer lumber.

9.

Defendants Timber Products and TP Trucking at all times relevant were subject to ORS 654.305, which provides that "generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

10.

By custom and practice defendants TP Trucking and Timber Products required that any load of high-quality veneer had to be wrapped in plastic at the precise spot where it was loaded on to the semi-tractor trailer rather than at the spot where a "fall protection" apparatus existed several hundred yards away.  To satisfy this requirement, plaintiff (and other drivers hauling such veneer) would wait for a Timber Products forklift driver to provide the truck driver with a roll of plastic, which defendants expected plaintiff (and other truck drivers) to partially roll out and spread upon the base of the flatbed trailer, moving from the back of the trailer to the front. After the truck driver had thus spread the plastic, the forklift driver would then load pallets of veneer upon the plastic base.  After the forklift driver had loaded the veneer in this manner, defendant expected the truck driver to then pull the remainder of the plastic roll over the top of the veneer,

Page    3 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail:  kelly@andersenlaw.com

moving from the front of the trailer to the back, thus leaving no seams on the front (windward) side of the load and thus fully wrapping the load in plastic.

11.

After a Timber Products forklift driver had loaded the pallets of veneer onto the plastic base on the flatbed trailer, it was no longer possible for plaintiff (and other truck drivers) to transport the loaded veneer to a place where a fall protection apparatus existed because (a) the unused part of the plastic roll would insecurely hang from the front of the flatbed, where it would likely either fall to the ground and be run over by tires of the trailer or would fall upon and damage the trailer's hydraulic lines, and/or (b) the pallets of veneer would likely shift upon the slick plastic unless the pallets of veneer were secured with straps, but such straps could not be secured because the overhanging plastic would block the rails to which the straps would have to be attached.  Because defendants insisted that veneer be wrapped in plastic, and because defendants provided no fall protection where the veneer was loaded, drivers including plaintiff had to get on top of the loaded veneer to secure the plastic without the benefit of fall protection.

12.

Because plaintiff was required to work more than 10 feet above surrounding surfaces, the absence of such fall protection subjected him (and other drivers) to avoidable dangers.

13.

OAR 437-002-0125(1) requires that all individuals subject to the direction and control of persons described in ORS 654.305 shall be protected from fall hazards when working on unguarded surfaces more than 10 feet above a lower level.

14.

Defendants were owners or contractors, or otherwise had charge of or were responsible for work involving a risk or danger to employees or the public, within the meaning of ORS

Page    4 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com

654.305, and defendants were therefore required to provide fall protection at the precise location where drivers, including plaintiff, were required to wrap loads in plastic.

15.

Defendants had control over the work that they required plaintiff to do because:

(a)    They engaged with Diamond in a common enterprise to load the cargo and wrap it with plastic;

(b)    They retained the right to control the manner or method of loading the veneer and of wrapping it with plastic; and/or

(c)    They actually controlled the manner or method of loading the veneer and of wrapping it with plastic.

16.

Plaintiff was also a member of the "public" within the meaning of ORS 654.305.

17.

Defendants retained specific control of the veneer until the loaded trailer was weighed at the scales about 200 yards away from where the veneer was loaded, and they retained general control of the veneer until the loaded flatbed trailer left Timber Product's physical facilities on Sage Road.

18.

Defendants breached their statutory duties, including those of ORS 654.305 and OAR 437-002-0125(1), and were also generally negligent in one or more of the following ways:

(a)    In failing to provide "fall protection" at the location where defendant required plaintiff to wrap the veneer in plastic;

(b)    In refusing, by custom and practice, to have their forklift driver transport the veneer to a location where a "fall protection" apparatus existed; and/or

Page    5 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com

(c)    In generally requiring plaintiff to work at a height more than 10 feet above surrounding surfaces without providing "fall protection."

19.

As a result of defendant's negligence and violation of industry standards, on May 10, 2010 plaintiff fell more than 10 feet while he was attempting to wrap pallets of veneer in plastic at the location where the veneer was loaded.  As a result of this fall he has sustained severe and permanent injuries including but not limited to a punctured lung, a bruised colon, a bruised and swollen diaphragm, pneumonia, life-threatening blood clots, broken ribs, and the general breakdown of his health.  As a result of these injuries plaintiff has endured suffering and pain and has been limited in his normal and usual activities and it is likely that he will continue to endure suffering and pain and will continue to be limited in his activities, all to his general damage in a sum not to exceed $1,500,000.

20.

As a further result of his injuries, plaintiff has incurred medical expenses of approximately $250,000, and it is likely that he will need substantial ongoing medical care and services in a sum presently estimated at an additional $150,000.

21.

As a further result of his injuries, plaintiff has suffered an impairment of his earning capacity from the date of injury to the present and will likely continue to be impaired in the future, all to his damage in a sum currently estimated at $800,000.  As a result of his inability to work, he has also not been able to make the finance payments on his truck and trailer, and has lost them to creditors, thus losing the source of his livelihood.

/ / /

/ / /

Page    6 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com

## SECOND CLAIM FOR RELIEF
### (Kathy Clare)

22.

Plaintiff re-alleges paragraphs 1 – 21 above.

23.

At all times material plaintiff Kathy Clare has been the wife of plaintiff James Clare.

24.

As a result of his injuries she has lost a measure of his consortium, all to her general loss in a sum not to exceed $100,000.

25.

She has also lost a measure of her earning capacity because the two of them had worked together for years in the long-haul trucking business. Her loss of earning capacity is included in the loss of her husband's earning capacity as set forth above in paragraph 21 above.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com

1    WHEREFORE, plaintiff James Clare, Jr. prays for judgment against defendants for

2    general damages in a sum not to exceed $1,500,000; and for economic damages in a sum not

3    to exceed $400,000 for past and future medical expenses, and not to exceed $800,000 for the

4    impairment of past and future earning capacity.

5        Plaintiff Kathy Clare prays for judgment against defendants for general damages in a

6    sum not to exceed $100,000 for her loss of consortium, and joins her husband in his claim for

7    $800,000 in the impairment of past and future earning capacity.

8        Both plaintiffs pray also for their costs and disbursements incurred herein.

9    DATED this ___ of March, 2010

10

11                                KELLY L. ANDERSEN,
                                   A PROFESSIONAL CORPORATION
12

13    By _____
                                   Kelly L. Andersen, OSB # 79146
14                                 Attorney for Plaintiffs
                                   kelly@andersenlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

Page    8 -    COMPLAINT FOR BODILY INJURIES

Kelly L. Andersen, P.C.
Attorney at Law
1730 E. Mc Andrews, Suite A
Medford, Or 97504
Telephone (541) 773-7000    Fax (541) 608-0535
E-Mail: kelly@andersenlaw.com